UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABER SAFINEJAD,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE; DANIEL A. BRIGHTMAN; TODD LYONS; KRISTI NOEM; and PAMELA BONDI,<br><br>　　　　　　　　　　Respondents. | Case No.: 26-cv-531-JES-AHG<br><br>**ORDER GRANTING MOTION TO ENFORCE JUDGMENT**<br><br>**[ECF No. 10]** |

Before the Court is Petitioner Saber Safinejad's motion to enforce this Court's February 3, 2026, order requiring Respondents to provide Petitioner with a constitutionally adequate bond hearing. ECF No. 7. Pursuant to the Court's order, Respondents filed a response in opposition to the motion and Petitioner filed a reply. ECF Nos. 12, 13. For the reasons set forth below, the Court **GRANTS** the motion.

## I.　　BACKGROUND

Petitioner is a native of Iran who entered the United States on February 20, 2025, in order to claim asylum. ECF No. 1 at 5. He was detained at that time, and has since remained in detention at the Otay Mesa Detention Center. *Id.* On January 28, 2026, Petitioner filed a petition for writ of habeas corpus with this Court, arguing that his almost year-long

1

detention at that time had become unconstitutionally prolonged. ECF No. 1. After briefing by the parties, the Court granted the petition and ordered Respondent to provide him with an individualized bond hearing where the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. ECF No. 7.

On February 5, 2026, Respondents filed a Notice of Compliance, apprising the Court that a bond hearing was held but bond was denied on a finding that the Petitioner posed a flight risk. ECF No. 9. Subsequently, on March 6, 2026, Petitioner filed a motion to enforce the judgment. ECF No. 10. The Court set a briefing schedule. ECF No. 10. Pursuant to this order, Respondents filed an opposition to the motion to enforce, and Petitioner filed a reply. ECF Nos. 12, 13.

Petitioner attached as exhibits to his motion to enforce judgement several documents, including a transcript of the bond hearing, a copy of the order denying bond, and various exhibits that were submitted to the immigration judge ("IJ") for the bond hearing. ECF No. 10-1. At the bond hearing, the IJ stated that he had five submissions from Petitioner's counsel. ECF No. 10-1 at 3. The IJ then turned to ask government's counsel whether he wanted to file anything in the case, and counsel responded as follows:

> Your honor, um so the evidence for the statements that I'm going to make in for argument in having a no bond set is difficult because it's the outcome of the case that happened in respondent's asylum claim. He was denied um asylum, he was found not credible and he was denied asylum. Um and so, with that being said, we will argue that he's a flight risk um.

ECF No. 10-1 at 3. The IJ then asked Petitioner's counsel to confirm if this was factually true, and while the transcript shows "inaudible" for much of Petitioner's counsel's dialogue, the IJ's response indicates that Petitioner raised his position that the asylum denial and adverse credibility finding resulted from misinterpretations of details in Petitioner's testimony resulting from language interpretation issues. *Id.* at 3-4. The IJ rejected this argument stating that he did not "have any evidence in the record right now

that shows that there was a misinterpretation in the removal phase of the case." *Id.* at 4. Then, the IJ made his ruling as follows:

> IJ: All right. What's undisputed at this point is that the respondent had a merits hearing and his applications for asylum, withholding of removal and relief under the convention against torture were denied and that he has been found by an immigration judge in the removal phase of his case to be not credible. Now, perhaps there's a way to explain that, perhaps there's not. That part is in dispute, but the undisputed facts are that he was found to be not credible and because his asylum application was denied and he's been found to be not credible, I think this makes him a fight risk to the degree that no bond is appropriate and I'm going to deny his request for bond. Counsel, do you want to reserve your client's right to appeal?

*Id.* at 5. The order itself states the following as the basis—denied because "the respondent is a flight risk." *Id.* at 7. The bond hearing lasted 9 minutes and ten seconds. ECF No. 1 at 7.

Petitioner states that he provided numerous supporting documents to the IJ including proof of his education in veterinary medicine from Iran, proof of his work history, letters from family members, medical records from the various facilities he has been in, a letter to the IJ describing the discrepancy he believes led to the adverse credibility finding, and a letter from his sponsor in the United States, who also provided his proof of residence, passport, and tax returns. ECF No. 1 at 6-7.

## II.    LEGAL STANDARD

District courts have the authority to review compliance with prior orders granting habeas relief, including orders for bond hearings. *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011). The party challenging compliance with the bond order bears the burden of proof, and ambiguities are resolved in favor of the non-moving party. *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823, at *3 (E.D. Cal. Jan. 29, 2026).

"When questions require a close review of agency-found facts," like an administrative judge's finding of dangerousness or flight risk in a bond hearing, "we review for an abuse of discretion." *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024); *see also*

*Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307, at *5 (E.D. Cal. Mar. 13, 2026) (applying abuse of discretion standard to review compliance with an order for bond hearing on habeas); *Y.S.G. v. Andrews*, No. 2:25-CV-1884-SCR, 2025 WL 2979309, at *8 (E.D. Cal. Oct. 22, 2025) (same); *C.A.R.V.*, 2026 WL 241823, at *6 (same). The Court's review for abuses of discretion is limited to those which allege "violation by the agency of constitutional, statutory, regulatory or other legal mandates or restrictions." *See Abdelhamid v. Ilchert*, 774 F.2d 1447, 1450 (9th Cir. 1985) (quoting *Strickland v. Morton*, 519 F.2d 467, 471 (9th Cir. 1975)).

Thus, the government's discretion in immigration bond hearings remains constrained by the requirements of constitutional due process limits. *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). A noncitizen may show that an IJ abused her discretion in violation of the due process clause in a bond hearing by demonstrating either that the IJ "simply did not apply the right standard to the facts" or that "the IJ erred because the evidence itself could not—as a matter of law—have supported the decision to deny bond." *Garcia v. Hyde*, 817 F. Supp. 3d 112, 126 (D.R.I. Dec. 3, 2025) (internal quotations omitted); *see also Nat. Res. Def. Council, Inc. v. Pritzker*, 828 F.3d 1125, 1135 (9th Cir. 2016) ("An agency acts contrary to the law when it gives mere lip service or verbal commendation of a standard but then fails to abide the standard in its reasoning and decision.").

## III.   DISCUSSION

### A.   Administrative Exhaustion

Respondents argue that Petitioner is required to exhaust administrative remedies regarding his bond determination before the Board of Immigration Appeals ("BIA") prior to bringing a motion to enforce judgment in this Court. ECF No. 12 at 4-7.

"Exhaustion can be either statutorily or judicially required." *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004). "If exhaustion is statutory, it may be a mandatory requirement that is jurisdictional." *Id.* (citing *El Rescate Legal Servs., Inc. v.*

*Executive Office of Immigration Review,* 959 F.2d 742, 747 (9th Cir.1991)). "If, however, exhaustion is a prudential requirement, a court has discretion to waive the requirement." *Id.* (citing *Stratman v. Watt,* 656 F.2d 1321, 1325–26 (9th Cir.1981)).

In the context of petitions for writ of habeas corpus for immigration detainees under 2241, "exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder,* 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "[C]ourts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff,* 488 F.3d 812, 815 (9th Cir. 2007) (internal quotations and citations omitted). Even where prudential exhaustion may be required, however, it still may be waived or excused for "a number" of reasons, including "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft,* 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation and citation omitted). In addition, in cases of motions to enforce bond orders, "any alleged exhaustion requirement [] must fully contend with the Court's continuing authority to enforce its own injunction." *C.A.R.V.,* 2026 WL 241823, at *4.

The Court acknowledges that courts within this District have reached opposing conclusions on this issue. Some courts have held that exhaustion with the BIA is required before a bond order may be reviewed by the habeas court. *See Baker v. Gordon*, Case No. 25-cv-03539-CAB-SBC, ECF No. 8 at 2 (S.D. Cal. Jan. 30, 2026); *Rana v. LaRose*, No. 26-cv-00285-RSH-DDL, ECF No. 11 (S.D. Cal. Mar. 13, 2026). However, others, including the undersigned, have excused administrative exhaustion for the limited purpose of ensuring compliance with a previous order where petitioner shows that an excuse applies or the applicability of an exception is apparent on the face of the motion. *Bayani v. LaRose,* Case No. 26-cv-2660-JES-VET, ECF No. 19 at 5-8 (S.D. Cal. May 5, 2026); *Perez*

26-cv-531-JES-AHG

*Velasquez v. Bondi*, No. 26-cv-1759-GPC-DDL, 2026 WL 1042479, at *3-5 (S.D. Cal. Apr. 16, 2026). This holding comports with many district courts in other jurisdictions as well. *See, e.g., Izaguirre v. Freden*, No. 6:25-CV-6672-EAW, 2025 WL 3551788, at *1 (W.D.N.Y. Dec. 11, 2025) (holding that exhaustion was not required because, "[a]mong other reasons, exhaustion would be futile under these circumstances."); *Loba L.M.*, 2026 WL 710307, at *5 (excusing exhaustion despite the petitioner not making "an explicit showing" of an excuse in the motion to enforce, because the court had previously found ongoing irreparable harm in its previous order); *Morgan v. Oddo*, No. 3:24-CV-221, 2025 WL 2653707, at *3–4 (W.D. Pa. Sept. 16, 2025) (noting the difficulty in applying the exhaustion requirement to motions to enforce and excusing prudential exhaustion); *see also Mau v. Chertoff*, 562 F. Supp. 2d 1107 (S.D. Cal. 2008) (holding that exhaustion was not required for the limited scope of review of a motion to enforce); *Judulang v. Chertoff*, 562 F. Supp. 2d 1119 (S.D. Cal. 2008) (same); *Sales v. Johnson*, 2017 WL 6855827 (N.D. Cal. Sept. 20, 2017) (same).

Respondents argue that Petitioner should be required to exhaust administrative remedies before seeking relief here because (1) agency expertise is required; (2) waiving exhaustion would encourage other detainees to bypass the BIA; and (3) civil detention is not an irreparable injury. ECF No. 10 at 4-5. These are identical arguments made and to which the Court rejected in *Bayani*. *Bayani,* Case No. 26-cv-2660-JES-VET, ECF No. 19 at 8 (S.D. Cal. May 5, 2026). The Court does not repeat its analysis here, but adopts it in full.

After careful consideration of the arguments of the parties, the Court does not find occasion to depart from its ruling in *Bayani* and again joins the many other courts that have excused prudential exhaustion in this case for purposes of reviewing compliance with the Court's prior order for a bond hearing. *See Izaguirre*, 2025 WL 3551788, at *1; *Loba L.M.*, 2026 WL 710307, at *5; *Morgan v. Oddo*, 2025 WL 2653707, at *3–4.

//

//

26-cv-531-JES-AHG

**B.      Sufficiency of the Bond Hearing**

Petitioner argues the order of the IJ denying bond cannot be sustained because the government failed to prove by clear and convincing evidence that Petitioner is a flight risk. "To determine whether an alien is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent." *Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024). In *Matter of Guerra*, the BIA listed a non-exhaustive set of nine factors as follows:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

24 I&N Dec. 37, 40 (BIA 2006). The BIA also held that IJs may consider any evidence in the record when assessing bond eligibility, so long as the evidence is "probative and specific." *Id.*

Here, it appears that the IJ primarily relied on two things to make his decision: (1) that Petitioner's asylum application has been denied at the IJ level and (2) he was found not credible by the IJ at that level. ECF No. 10-1 at 7. The IJ does not discuss any other evidence that had been submitted to him at the hearing or in the written order.

As to the denial of Petitioner's asylum claim, that alone cannot suffice to meet the clear and convincing burden placed upon the government. In *Sales v. Johnson*, "the IJ appeared to deny bond mainly because Petitioner had been ordered removed, and Petitioner's claim in his petition for review to the Ninth Circuit was unlikely to succeed." 323 F. Supp. 3d at 1141. The court there found this failed to meet the clear and convincing standard placed upon the government: "However, the fact of an order of removal is not, by itself, sufficient to deny bond." *Id.* The court specifically found that to be true where the government presented no other evidence as to flight risk and failed to consider any of the

*Guerra* factors. *Id.* Similarly here, the Court agrees with that reasoning to find that the simple fact that Petitioner's asylum claim was denied is not sufficient by itself. *See also Singh*, 638 F.3d at 1205 ("[T]he only evidence the BIA cited for its affirmance of the IJ's conclusion that Singh was a flight risk was the fact—common to all detainees afforded *Casas* bond hearings—that Singh had already been ordered removed by a final, administrative order, diminishing his incentive to appear for further removal proceedings. Although this is a relevant factor in the calculus, it alone does not constitute clear and convincing evidence that Singh presented a flight risk justifying denial of bond."). This is further strengthened by the fact that the denial of the asylum claim is on appeal with the Board of Immigration Appeals. *See Timbigamba v. FCI Berlin, Warden*, No. 26-CV-281-LM-AJ, 2026 WL 1470320, at *10 (D.N.H. May 26, 2026) (rejecting denial of bond on a flight risk finding where the primary evidence was a non-final order of removal against the petitioner).

The only other piece of evidence relied upon by the IJ was that Petitioner was found not credible by the IJ that ruled on his asylum application. Even though the IJ appears to be aware that the BIA appeal of the removal phase decision disputes the credibility finding, the IJ found that it did not matter: "Now, perhaps there's a way to explain that, perhaps there's not. That part is in dispute, but the undisputed facts are that he was found to be not credible and because his asylum application was denied and he's been found to be not credible, I think this makes him a fight risk to the degree that no bond is appropriate and I'm going to deny his request for bond." ECF No. 10-1 at 7. The Court is not persuaded that the clear and convincing evidence standard is met here either. The IJ did not make an adverse credibility finding himself, and does not explain why an adverse credibility finding at the removal phase that is being appealed leads to Petitioner being deemed a flight risk.

This is particularly so where the IJ fails to address any *Guerra* factor. There is no obligation for the IJ to discuss all the *Guerra* factors and the IJ has wide discretion to give greater weight to one factor over another fact, or as long as the decision is reasonable. *Guerra*, 24 I. & N. at 40. However, many district courts have found decisions to be

unreasonable where none of the factors were mentioned. *See Sales*, 323 F. Supp. 3d at 1141 (noting that the IJ failed to address any of the factors); *Miri v. Bondi*, No. 5:26-CV-00698-MEMF-MAR, 2026 WL 622302, at *8-9 (C.D. Cal. Mar. 5, 2026) ("The Immigration Judge did not describe which *Martinez* factors were considered, if any, or what evidence was relied on."); *Perez Velasquez v. Bondi*, 2026 WL 1042479, at *6 ("The IJ's failure to consider or apply any of the *Guerra* factors and decision to instead rely on three pieces of evidence that 'bear little if any relevance' to Petitioner's risk of flight, while seemingly ignoring all evidence in Petitioner's favor constitutes a misapplication of the legal standard to the facts.").

Accordingly, the Court finds that the IJ abused his discretion by relying upon only the removal phase decision and credibility finding, and failing to discuss the other evidence and any of the *Guerra* factors. Because this abuse of discretion constitutes a deprivation of Petitioner's right to due process at the bond hearing, the Court **GRANTS** the motion to enforce judgment.

## IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's motion to enforce judgment and **ORDERS** the Government to provide the non-citizen with a second bond determination hearing, adhering to all Constitutional requirements as interpreted by this Circuit and this Court, within **fourteen days** of this Order, unless the non-citizen requests a continuance. **The Government** is **ORDERED** to File a Notice of Compliance within **five days** of providing the non-citizen with the bond hearing, including apprising the Court of the results of the hearing.

**IT IS SO ORDERED.**

Dated: June 9, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

9

26-cv-531-JES-AHG